ESTATE OF DÍAZ v. ESTATE OF DÍAZ.

APPEAL from a decision of the District Court of San Juan.

No. 572.—Decided January 19, 1911.

LEGITIMATE CHILD—PROOF OF FILIATION—WILL.—The filiation of a legitimate child is proved by the record of its birth and by the marriage of its parents. As a will by itself does not constitute proof of the truth of its contents, it does not constitute proof of legitimate filiation.

NATURAL CHILD—PROOF OF NATURAL FILIATION.—In those cases in which the person or persons who were in a position to acknowledge or deny the filiation of a natural son may have died, the proof of the filiation must be complete and convincing, and a mere statement of the parish priest that the father himself had ordered that it should be stated in the baptismal entry that the baptized was his natural child is not sufficient.

ID.—PRESUMPTION OF THE CAPACITY OF THE PARENTS TO CONTRACT MATRIMONY.—The doctrine of the presumption of the capacity of the parents to contract matrimony does not apply in the present case, in which the complaint has not been filed to prove status as a natural child, nor has it been proved, but it was filed assuming the existence of such a status, because if the complaint was for the purpose of establishing filiation it was fatally defective in that it did not state that the parents had capacity to contract matrimony, or how the acknowledgment was made.

The facts are stated in the opinion.

Mr. Rafael López Landrón for appellant.

Mr. Antonio Sarmiento for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellants brought this suit in the District Court of San Juan setting up that they were the legitimate children of Don Eladio Díaz and that the latter was the acknowledged natural child of Don Lucas Díaz y Suárez; that the said Lucas·Díaz y Suárez died testate, but in his will omitted to provide for the appellants. The real issues submitted to the court below and to this court were whether the appellants proved themselves to be the legitimate children of their alleged father and whether they proved that their said father was the natural son of Lucas Díaz y Suárez.

A preliminary question is whether the answer sufficiently denies the legitimacy and filiation of the appellants. The complaint does not directly set up that the appellants were

the children of Eladio Díaz, but purports to do so by using such words as "heir" and "children of the child." The answer specifically admits certain facts, but denies all the rest. None of these specific facts admitted include filiation or paternity, but principally relate to the death of Lucas Díaz, the execution of his will, and the property he left. The answer, moreover, specifically denies, on information and belief, the averment that the appellants compose the succession of Eladio Díaz. Paternity and filiation were sufficiently denied.

The only proof tending to show filiation was the will of Eladio Díaz, executed before a notary. This was not sufficient. A will executed in 1893 is no proof of the truth of all of its recitals. The notary merely certifies to the identity of the testator and the object of the document. The way to prove the filiation of legitimate children is by proof of the marriage of the parents and the birth of their children.

Conceding for the moment the question to have been properly raised whether Eladio Díaz was the natural child of Lucas Díaz, we are inclined to agree with the trial court that the evidence was not sufficient. The strongest proof was that made by the keeper of the baptismal record that Lucas Díaz himself had ordered the record to be made, stating that Eladio Díaz was his natural child. The other evidence, we may add parenthetically, is similar to that attempting to prove filiation or is too remote. When, however, the person or persons who could properly deny filiation or acknowledgment are dead we think the proof ought to be thorough and convincing. We do not dwell on this evidence because we think the proof fails to support the complaint. The latter was brought on the theory that it was unnecessary to bring an action for acknowledgment because the plaintiff's father had possessed the status of an acknowledged natural child. The proof may tend to show a right to bring an action for acknowledgment, but it does not show that Eladio Díaz possessed the status of an acknowledged natural child.

The cases of *Juana Meléndez* v. *Pedro de Diego,* decided

December 3, 1908; *Isabel Silva* v. *Jaime Salamanca,* decided March 11, 1908; and *Aquilue* v. *Sucesión Lange,* decided January 30, 1905, in regard to a presumption of the capacity of the parents of Eladio Díaz to contract a valid marriage do not apply because, as we have said before, this is not a suit to establish a status, but such status is assumed to be true by the use in the complaint of such words as "children of the acknowledged natural son of said Lucas Díaz." If it were sought to identify the present suit as one for acknowledgment, the complaint would be fatally defective in not setting forth the capacity of the parents for marriage and the manner of acknowledgment.

The judgment must be affirmed.                          *Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.